UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 13, 2005
Decided November 29, 2005

Before

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1050

MICHAEL W. STRICKLAND,

    *Plaintiff-Appellant,*

    v.

JEREMY SHOTTS,

    *Defendant-Appellee.*

Appeal from the United States District
Court for the Northern District
of Indiana, Hammond Division.

No. 03 C 26

Allen Sharp,
*Judge.*

**O R D E R**

Michael Strickland filed this lawsuit against Jeremy Shotts, a police officer with the sheriff's department for Elkhart County, Indiana, claiming that Shotts's use of a K-9 unit police dog to subdue him was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment. The district court granted summary judgment in favor of Shotts, ruling that there was no genuine issue as to any material fact. We agree and affirm.

## I. BACKGROUND

The parties do not dispute the following facts:  On April 7, 2001, police officers from the Elkhart County Sheriff's Department and the Elkhart City Police Department attempted to stop a car driven by Strickland.[1]  Despite officers' attempts to pull him over, Strickland continued driving and a car chase ensued.   At some point in the chase, Officer Shotts and his police dog, Rexo, joined in the pursuit.

The car chase ended when Strickland stopped his car, reached into the passenger compartment, and fled on foot through a residential neighborhood. Strickland then entered a private residence where officers eventually found him hiding in a bathroom.[2]  Three police officers attempted to subdue Strickland, who continued to resist by kicking and thrashing his legs at the officers.  Because of Strickland's thrashing and Shotts's concern that Strickland may have been armed, he released Rexo and instructed him to bite Strickland's leg.  Strickland sustained multiple dog-bite lacerations and was taken to the local hospital for treatment.

## II. ANALYSIS

We review a district court's grant of summary judgment *de novo*, construing all facts in the light most favorable to the nonmoving party.  *Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).  Summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

An arrestee's claim for excessive force is analyzed under the Fourth Amendment's objective reasonableness standard.  *Graham v. Connor*, 490 U.S. 386, 388 (1989).  In determining whether an officer's use of force is reasonable, courts must balance the nature and quality of the intrusion upon the individual's Fourth Amendment rights against the countervailing government interests at stake.

---

[1]     Strickland pled guilty in state court proceedings to driving while intoxicated, driving with a suspended license, and resisting law enforcement when he was apprehended.  Strickland does not dispute the lawfulness of his arrest when the alleged excessive force occurred.

[2]     The record is unclear as to whether Strickland knew the occupant of the residence into which he fled. What is clear is that Strickland did not reside in the home, and that officers did not know the nature of his relationship to the residence.

*Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 898 (7th Cir. 2004). We judge reasonableness from the perspective of whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting the officer at the time. *Id.* When assessing whether the amount of police force was reasonable, we look to circumstances indicating (1) the severity of the suspected crime, (2) whether the suspect posed an immediate threat to the officer on the scene or others, and (3) whether the suspect was actively resisting or attempting to evade arrest. *Id.*

Using this test, we find that Strickland's evidence is not sufficient to survive summary judgment. First, when Shotts joined the pursuit, Strickland was leading police officers in a car chase, which ended in a residential neighborhood. The record indicates that Strickland was under the influence of cannabis, cocaine, alcohol, and opiates at the time of his arrest. It is not disputed that he was driving while intoxicated, which is a serious offense that poses an immediate threat to the officer on the scene and others nearby. Second, Strickland essentially acknowledged that, during his arrest, he posed an immediate threat to the officers. At oral argument, Strickland's counsel conceded that Strickland continued to kick and thrash his legs at the officers when Officer Shotts released Rexo.[3] In addition, Strickland does not dispute Shotts's contention that he reached into the passenger compartment, perhaps to obtain a weapon, just before leaving his car. Finally, Strickland's counsel also admitted that Strickland actively resisted arrest when he fled by car and foot and when he hid in a private residence. Given these concessions, we conclude that there is no genuine issue of material fact as to whether Officer Shotts acted reasonably when he used Rexo to subdue Strickland. Given the danger Strickland posed to others in the residential neighborhood, his attempts to evade police by car and by foot, his continued kicking and thrashing during his arrest, and Shotts's reasonable belief that Strickland was armed, the officer's use of the police dog was not objectively unreasonable.

## III. CONCLUSION

The district court's grant of summary judgment in favor of the defendant is AFFIRMED.

---

[3]    On the basis of the record alone, there may have been a material factual dispute as to whether Strickland had stopped resisting when Officer Shotts released Rexo, which generally would preclude us from affirming the grant of summary judgment. At oral argument, however, Strickland's counsel conceded that Strickland was still resisting arrest when Officer Shotts released Rexo, stating "I don't think there's any dispute about the facts in this case."